UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 09-20414

Hon. John Corbett O'Meara

JAMES WIESE, ILIR DOKAJ, and
TOM GJOKAJ,

    Defendants.
_____/

## ORDER DENYING MOTIONS
## FOR JUDGMENT OF ACQUITTAL

Before the court are Defendants' motions for acquittal, to which the government has responded. All three Defendants were charged in Count 1 with conspiracy to commit federal crimes (bank fraud, wire fraud, and money laundering); in Count 2 with bank fraud, aiding and abetting; and in Counts 3 through 9 with wire fraud, aiding and abetting. James Wiese was charged in Count 10 with money laundering. After a trial, the jury reached a partial verdict on June 22, 2011. The jury found Tom Gjokaj guilty of bank fraud, aiding and abetting (Count 2), acquitted all three defendants on the wire fraud counts (Counts 3 through 9), and were unable to reach a unanimous verdict on any of the remaining charges.

Defendants contend that the evidence at trial was insufficient to support the charges against them. Under Fed. R. Crim. P. 29, a defendant is entitled to a judgment of acquittal if the government's evidence is "insufficient to sustain a conviction. . . ." Id. The relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Viewing the evidence in the light most favorable to the government, the court is satisfied a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt, including the essential elements of the count upon which Defendant Gjokaj was convicted. See Govt. Resp. at 4-5 (Docket No. 149).

Defendant Gjokaj also argues that he was prejudiced because he was not permitted to introduce evidence of the complicity of mortgage broker John Veraldi. Given the evidence against Mr. Gjokaj, including that he allegedly submitted 23 false loan applications, it is not clear to the court how Veraldi's alleged involvement in the scheme would serve to exculpate him or assist his cause. The jury's verdict against Mr. Gjokaj on Count 2 is not against the weight of the evidence and a new trial is not warranted. See Fed. R. Crim. P. 33; United States v. Hughes, 505 F.3d 578, 593 (6th Cir. 2007) ("Generally, such motions are granted only 'in the extraordinary circumstance where the evidence preponderates heavily against the verdict.'").

Accordingly, IT IS HEREBY ORDERED that Defendants' motions for acquittal are DENIED.

s/John Corbett O'Meara  
United States District Judge

Date: January 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 25, 2012, using the ECF system.

s/William Barkholz  
Case Manager