UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 09-20414

Hon. John Corbett O'Meara

JAMES WIESE, ILIR DOKAJ, and
TOM GJOKAJ,

    Defendants.

_____/

## ORDER OF SEVERANCE AND
## SETTING TRIAL DATES

On November 22, 2011, the court ordered the parties to brief issues related to the re-trial of this matter, including whether the court should grant a mistrial or sever the defendants for trial. The parties submitted briefs as directed. Having reviewed the parties' submissions, the court orders as follows.

Defendants Gjokaj and Wiese suggest that the court should grant a mistrial, as least with respect to the count on which Gjokaj was found guilty, based upon the alleged jury tampering. Gjokaj suggests that the excused juror should have been interviewed to determine whether she could have remained impartial. The court is not persuaded that excusing this juror provides an appropriate basis for a mistrial. Had this juror expressed her belief that she could remain impartial, the court would have excused her nonetheless based upon the circumstances and to avoid an appearance of impropriety.

The court further concludes that it does not have any other basis to declare a mistrial as a

result of alleged jury tampering, given that all of the deliberating jurors testified at the August 10, 2011 *Remmer* hearing that no one attempted to affect their deliberations. The court has no evidence that any other juror was contacted or was aware that another juror had been contacted. Accordingly, the verdict rendered after the first trial will stand.

The counts on which the jury failed to reach an agreement will proceed to re-trial. Under all of the circumstances, including the antagonistic defenses presented by the defendants and the accusations of jury tampering, the court concludes that severance is warranted. See Zafiro v. United States, 506 U.S. 534, 539 (1993) (holding "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"). The defenses proposed by Gjokaj and Dokaj create a serious risk of prejudice to Wiese. Accordingly, Gjokaj and Dokaj will be tried separately from Wiese.

The court also directed the parties to address whether sanctions are appropriate. The government suggests that it proceeded appropriately by not informing the court of the additional information regarding jury tampering that it received from one of the defense counsel, relying upon United States v. Barnwell, 477 F.3d 844 (6th Cir. 2007). Although the court understands the government's good faith position, it is not persuaded that Barnwell stands for the proposition that when the government and defense counsel have information regarding jury tampering, they should withhold it from the court. It is the court's duty to ensure that a trial proceeds fairly and that the defendants are afforded the constitutional protections to which they are entitled. The information in the possession of one of the defense counsel and the government could have impacted how and if the trial proceeded. As it turns out, the court is satisfied, based upon the

*Remmer* hearing, that no further action was necessary. The court nonetheless believes that it should have been informed contemporaneously so it could have determined, with the input of all parties, the appropriate course of action. Such a decision is for the court, not for the government, to make. In any event, the court is persuaded that the parties acted in good faith and that sanctions are not warranted.

Trial is scheduled to begin for James Wiese on March 13, 2012 at 9:00 a.m.; trial is scheduled to begin for Tom Gjokaj and Ilir Dokaj on April 3, 2012 at 9:00 a.m.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: January 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 25, 2012, using the ECF system.

s/William Barkholz
Case Manager